## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

**TRAVIS JARRETT FRANTTI,**

**Plaintiff,**

-vs.-

**STATE OF NEW YORK, SUSAN KNAPP, MARY BETH LABATE, KAREN DAVIS, KAREN ORCUTT, CHRISTOPHER AMADO and ROBERT MUJICA,**

**Defendants.**

**COMPLAINT and DEMAND FOR JURY TRIAL**

**Civil Case No.:** 1:16-CV-810[DNH/CFH]

Plaintiff, Travis Jarrett Frantti, through his attorneys, Miller, Mannix, Schachner & Hafner, LLC, respectfully alleges the following as and for his Complaint against the Defendants, and each of them:

### PARTIES

1.      Now, and at all times relevant hereto, Plaintiff, Travis Jarrett Frantti ("Frantti"), is a natural person residing at 52 South Swan Street, Unit #2, City and County of Albany, State of New York, and an employee of the State of New York, through its Division of Budget and Division of Criminal Justice Services.

2.      At all times relevant hereto, Defendant State of New York ("State") maintains, operates and funds the Division of Budget ("DOB") and Division of Criminal Justice Services ("DCJS").

3.    Upon information and belief, Defendant Susan Knapp was Chief Budget Examiner during at those times relevant hereto, and resides in the County of Saratoga, State of New York.

4.    Upon information and belief, Defendant Mary Beth Labate was First Deputy Director of DOB and Budget Director of DOB during those times relevant hereto, and resides in the County of Saratoga, State of New York.

5.    Upon information and belief, Defendant Karen Davis was Human Resources Director at those time relevant hereto, and resides in the County of Albany, State of New York.

6.    Upon information and belief, Defendant Karen Orcutt was Administrative Officer with Human Resources Department at those times relevant hereto, and resides in the County of Rensselaer, State of New York.

7.    Upon information and belief, Defendant Christopher Amado was Supervising Budget Analyst and Frantti's Supervisor at those time relevant hereto, and resides in the County of Schenectady, State of New York.

8.    Upon information and believe, Defendant Robert Mujica was Budget Director of DOB at those times relevant hereto, and resides in the County of Albany, State of New York.

## JURISDICTION

9.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(3), 29 U.S.C. § 794 et seq., 42 U.S.C. §1983 et seq. and 42 U.S.C. §§ 12101 et seq.

## FACTS

10.    Frantti became employed by the State in June of 1996, working initially for the DOB.  From this time until July of 2012, Frantti had an excellent record of attendance and performance, and received consistently excellent performance evaluations, promotions and high-level assignments.

11.    Beginning in 2010, Frantti was elevated to a Principal Fiscal Policy Analyst, Salary Grade 31, with attendant salary and benefits.

12.    In July of 2012, Frantti contracted a gastro-intestinal illness, which disease is intermittently debilitating and which disease disabled Frantti intermittently from July of 2012 to date, and which constitutes Frantti's disability as alleged herein.

13.    Due to his disability, Frantti's important life activities, including his work for the State of New York, were restricted as to the conditions, manner, or duration under which they could be performed in comparison to most people.

14.    Frantti's medical condition has slowly improved over time.  However, as stated by Frantti's treating physician, "Mr. Frantti's condition is characterized by exacerbations which are unpredictable in timing or duration. He may be incapacitated at any time" and "[d]uring such episodes he is unable to perform any of his functions at work."

15.    Frantti depleted nearly 1,800 hours of sick time accumulated through his years of service prior to becoming disabled, was placed on physician-

supported Family Medical Leave Act ("FMLA"), and on two six-month, physician-supported short-term disability leaves, since becoming disabled.

16.     Beginning in September of 2013, Frantti was subjected to disparate and discriminatory treatment due to his disability amounting to punishment for being disabled, which treatment was not related to any valid employment purpose.  Such disparate and discriminatory treatment included, but was not limited to: failure to make alterations in Frantti's work schedule and/or environment to accommodate his disability; negative evaluations citing absences due to his disability; denial of two Performance Advance pay increases; being required (beginning in the fall of 2015) to provide a separate written medical excuse to be delivered to DCJS within 24 hours of each separate absence or late arrival, rather than at the end of Frantti's period of absence; and demotion from Grade 31 to Grade 27 due to absences caused by his disability.

17.     In August of 2012, Frantti accepted a position described to him as a position working directly with Governor Cuomo's Deputy Secretary for Public Safety, but physically located at a DCJS facility rather than the State Capitol, and that during this period he would be on the DOB payroll in a DOB job title.  Frantti was told by DOB that this arrangement was temporary, and that he would likely be returned to DOB in approximately one year.  Frantti is still on the DOB payroll. Frantti's office is still physically located at a DCJS facility working for DCJS personnel.

18.     In June of 2013, the Deputy Secretary for Public Safety announced that she was leaving State service. This departure resulted in Frantti's work responsibilities for her being eliminated.

19.     In August of 2013, Frantti requested that he return to his DOB position. Frantti was informed by Karen Orcutt that he was "assigned" to DCJS. This reference to being "assigned" at DCJS was inaccurate and misrepresented the documented history, as Frantti voluntarily accepted an offer to work at DCJS on a temporary basis, and had not been assigned.

20.     In September of 2013, Frantti met with Karen Davis to discuss what beneficial work roles were available to him while he was located at DCJS and awaiting return to DOB. Shortly after this discussion, Frantti attended another meeting with Karen Davis, Karen Orcutt and others. At this meeting, Frantti was told that he would be evaluated for a 2-month period to determine if he was performing work at his DOB Principal Fiscal Policy Analyst salary grade 31. During the two month period in question, Frantti had repeatedly requested assignments at the Salary Grade 31, but those requests had been denied without explanation, and he was assigned only work far below his Salary Grade.

21.     On January 7, 2014, Frantti submitted a report to Karen Davis requesting assistance in understanding his current employment situation and how to best return to a DOB position. This report included information on Frantti's medical problems since August 2012.

22.     On January 21, 2014, Frantti received a letter signed by Karen Orcutt stating in part that "[m]y office has received information regarding your

*Complaint and Jury Demand* -- Page 5 of 18

personal medical condition" and contained instructions on the FMLA and stated

that "any absences for this condition beginning January 15, 2014, will count

against your annual FMLA entitlement."

23.    On January 13, 2014, Frantti began a medically-supported FMLA

period due to numerous absences necessitated by a gastrointestinal condition

with disabling symptoms similar to the onset of the disability in Fall 2012. The

period of the FMLA expired on May 28, 2014.

24.    In January of 2014, Frantti received his first-ever unsatisfactory

performance evaluation after more than 17 years as an employee of the State,

said evaluation covering the two month period described above.

25.    Frantti was demoted to an Associate Budget Examiner, Salary

Grade 27, with attendant salary decrease of approximately $15,000 per year, on

February 13, 2014.  At a February 11, 2014 meeting, Frantti was informed that

his demotion was decided by "upper management".  Upon information and belief,

the decision to demote Frantti was made by Susan Knapp.

26.    In March of 2014, Frantti received a letter stating that he had missed

25 full days of work since December 30, 2013 and that he must provide a

medical note when absent a full or partial day.

27.    On March 21, 2014, Frantti received a letter stating that he must

"call-in" within 2 hours after the start of each work day on which he is absent, and

if he did not do so his pay would be docked.

28.    In April of 2014, Frantti's primary physician completed the FMLA

paperwork indicating the starting date for the FMLA period. The period of

*Complaint and Jury Demand* -- Page 6 of 18

Frantti's FMLA is administratively designated as beginning January 13, 2014. In March 2014, Frantti's physician amended his FMLA statement to include the information that Frantti would need to take "breaks" while at work as needed.

29.    In the Spring of 2014 Frantti was denied a Performance Advance pay increase.  Upon information and belief, this was due to the absences caused by his disability.

30.    On November 13, 2014 and December 11, 2014, Frantti asked, in writing, for an accommodation which would allow his physician to write excuses after an accumulated amount of absence from work rather than being required to be seen by his physician daily for an excuse. Both requests for accommodations were ignored and, rather, more stringent requirements were imposed such as submitting excuses within each 24-hour period even when absent for an extended episode. Because Frantti was continually suffering from an extended disability, compounded by pneumonia and strep, Frantti's physician and/or urgent-care and emergency room physicians supplied Frantti with the demand-excuses.

31.    On December 1, 2014, Frantti began a short term disability leave supported by his physician.

32.    In May of 2015, Frantti submitted a letter to Mary Beth LaBate, then DOB Budget Director, Michael Green, DCJS Acting Commissioner, Karen Orcutt and Karen Davis detailing his concerns about retaliation for a disability and restating a request for returning to his position at DOB. This letter was sent to the

Governor's Office of Employee Affairs who initiated an investigation. Upon information and belief, the investigation has never been concluded.

33.    On June 10, 2015, Frantti returned to work at DCJS. On that same date Frantti was presented with a Below Expectations Performance Evaluation. The Below Expectations determination was based on his absences due to his disability.

34.    In June of 2015, Frantti was denied a second Performance Advance salary increase.

35.    On June 24, 2015, Frantti requested an Appeal Process Review of the Performance Evaluation with the Division of the Budget.

36.    On June 26, 2015, Frantti requested a return to DOB to in order to permit him to take a Civil Service exam for which Frantti was eligible, but which was exclusive to DOB.   The request was denied.

37.    On June 30, 2015, Frantti had a meeting with Michael Green, Acting Commissioner of DCJS, who informed Frantti that he will now be assigned to the DCJS Finance Office. This constituted the fourth assignment at DCJS since Frantti accepted his original temporary positon in August 2012, which initial position had ended with the departure of the Deputy Secretary for Public Safety in June of 2013.

38.    On July 2, 2015, a Complaint Frantti submitted with the NYS Division of Human Rights was accepted. The Complaint charged discrimination due to a disability and retaliation.  The Complaint was denied on February 22, 2016. On

April 8, 2016, the Equal Employment Opportunity Commission ("EEOC") adopted the findings of the NYS Division of Human Rights and denied Frantti's claim.

39.     On August 29, 2015, Frantti began treatment with a Clinical Social Worker who recommended anxiety-reducing medication be prescribed by his physician due to the impact of stress and anxiety caused the above-described treatment at his work-place.

40.     In 2015, when Frantti submitted accumulated excuses at the end of an extended absence during which time he saw a physician daily, his physician's excuses were refused and Frantti's pay was docked because the excuses had not been submitted on a daily basis within 24 hours of each day absent.

41.     This refusal to accept a medical excuse and docking of pay was in retaliation for Frantti's submission of a Complaint to the NYS Division of Human Rights.

42.     On September 3, 2015, Frantti was instructed that he must provide a separate medical excuses for each absence within 24 hours of each absence, and not at the end of the entire period of absence.

43.     This requirement was in retaliation for Frantti's submission of a Complaint to the NYS Division of Human Rights.

44.     On September 17, 2015, Frantti submitted a second Complaint with the Division of Human Rights alleging retaliation. The Complaint was denied on March 16, 2016. The EEOC has not accepted or denied the Complaint as having

made out a violation of the American's with Disabilities Act (42 USC 12101 et seq.).

45.    Frantti began a second Short Term Disability Leave, supported by his primary physician, on January 7, 2016.

46.    Defendants refused to return Frantti to DOB from a temporary assignment at DCJS because of his disability.

47.    Defendants demoted Frantti because of his disability.

48.    Defendants denied Frantti Performance Advance salary increase on two occasions, each because of his disability.

49.    Defendants gave Frantti poor performance evaluations, each because of his disability.

50.    Defendants gave Frantti unnecessary, time consuming, expensive and burdensome requirements with respect notice of and the delivery of medical excuses with respect to, his medical absences, because of his disability.

51.    Defendants have worked together to influence Frantti to resign from his employment with the State because of his disability.

52.    The discriminatory treatment of Frantti by the Defendants, and each of them, due to his disability, was intentional.

53.    Frantti is currently under the care of a psychiatrist who has prescribed anti-anxiety medication to assist Frantti in enduring the stress caused by the events alleged herein.

54.    As a result of the foregoing, Frantti has suffered mental distress, depression and anxiety, sufficiently severe to require psychological and psychiatric counselling and medicinal treatment; loss of a career with the State of New York Department of Budget; lost wages and pay and unnecessary medical expenses.

## AS AND FOR A FIRST CAUSE OF ACTION
## 29 UNITED STATE CODE § 794 et seq.

55.    Frantti repeats and realleges all foregoing allegations as though fully set forth herein.

56.    Frantti is a "qualified individual with a disability in the United States" as defined in 29 USC 705(20) and 29 USC 794 (Rehabilitation Act §504).

57.    Solely by reason of his disability, Frantti was excluded from the participation in, the benefits of, and was subjected to discrimination under, a program or activity receiving Federal financial assistance, by the State of New York, and the individual defendants named herein.

58.    Frantti was otherwise qualified for such benefits.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 UNITED STATE CODE § 12101 et seq.

59.    Frantti repeats and realleges all foregoing allegations as though fully set forth herein.

60.     Frantti is a disabled person as defined in 42 USC § 12101 et seq. ("ADA")

61.     Defendants, and each of them, have violated Title I of the ADA.

62.     Defendants, and each of them, have violated Title V of the ADA by retaliating against Frantti for asserting his rights under the ADA.

63.     As a result of the foregoing, Frantti seeks an order of this Court enjoining the individual Defendants who continued to be employed by the State of New York to terminate Frantti's placement with DCJS and restore him to a Grade 31 position with the DOB at a location physically situate at a DOB facility.

64.     As a result of the foregoing, Frantti seeks an order of this Court enjoining the individual Defendants who continue to be employed by the State of New York to prospectively adjust Frantti's salary to reflect the two Performance Advance salary increases unlawfully denied him.

## AS AND FOR A THIRD CAUSE OF ACTION

## 42 UNITED STATE CODE § 1983 et seq.

65.     Frantti repeats and realleges all foregoing allegations as though fully set forth herein.

66.     Frantti is a citizen of the United States deprived of rights, privileges, or immunities secured by the Constitution and laws as described in 42 USC 1983.

67.     As a result of the foregoing, Frantti seeks an order of this Court enjoining the individual Defendants who continued to be employed by the State

of New York to terminate Frantti's placement with DCJS and restore him to a Grade 31 position with the DOB at a location physically situate at a DOB facility.

68.    As a result of the foregoing, Frantti seeks an order of this Court enjoining the individual Defendants who continue to be employed by the State of New York to prospectively adjust Frantti's salary to reflect the two Performance Advance salary increases unlawfully denied him.

## AS AND FOR A FOURTH CAUSE OF ACTION
## DENIAL OF EQUAL PROTECTION

69.    Frantti repeats and realleges all foregoing allegations as though fully set forth herein.

70.    Frantti was treated differently than other similarly situated employees of the DOB and DCJS performing like duties as a result of intentional and/or purposeful discrimination due to his disability.

71.    Frantti was denied equal protection under the law,

## CERTIFICATION AND CLOSING

72.    Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

WHEREFORE, Plaintiff prays for an order granting the following relief:

A.     On Plaintiff's First Cause of Action (§504 Rehabilitation Act):

    a. For an affirmative injunction requiring the Defendant State of New York and the individual Defendants who continue to be employed by the State of New York, to terminate Frantti's placement with DCJS and restore him to a Grade 31 position with the DOB at a location physically situate at a DOB facility;

    b. For an affirmative injunction requiring the Defendant State of New York and the individual Defendants who continue to be employed by the State of New York, to prospectively adjust Frantti's salary to reflect the two Performance Advance salary increases unlawfully denied him;

    c. Against Defendants State of New York, Susan Knapp, Mary Beth Labate, Karen Davis, Karen Orcutt and Christopher Amado, compensatory damages including, but not limited to, lost pay and benefits and pain and suffering;

B.     On Plaintiff's Second Cause of Action (ADA):

    a. For an affirmative injunction requiring the Defendant State of New York and the individual Defendants who continue to be employed by the State of New York, to terminate Frantti's placement with DCJS

and restore him to a Grade 31 position with the DOB at a location physically situate at a DOB facility;

b. For an affirmative injunction requiring the Defendant State of New York and the individual Defendants who continue to be employed by the State of New York, to prospectively adjust Frantti's salary to reflect the two Performance Advance salary increases unlawfully denied him;

C.    On Plaintiff's Third Cause of Action (42 USC 1983):

a. For an affirmative injunction requiring the Defendant State of New York and the individual Defendants who continue to be employed by the State of New York, to terminate Frantti's placement with DCJS and restore him to a Grade 31 position with the DOB at a location physically situate at a DOB facility;

b. For an affirmative injunction requiring the Defendant State of New York and the individual Defendants who continue to be employed by the State of New York, to prospectively adjust Frantti's salary to reflect the two Performance Advance salary increases unlawfully denied him;

c. Against Defendants State of New York, Susan Knapp, Mary Beth Labate, Karen Davis, Karen Orcutt and Christopher Amado, compensatory damages including, but not limited to, lost pay and benefits and pain and suffering;

D.    On Plaintiff's Fourth Cause of Action (Equal Protection):

    a.  For an affirmative injunction requiring the Defendant State of New York and the individual Defendants who continue to be employed by the State of New York, to terminate Frantti's placement with DCJS and restore him to a Grade 31 position with the DOB at a location physically situate at a DOB facility;

    b.  For an affirmative injunction requiring the Defendant State of New York and the individual Defendants who continue to be employed by the State of New York, to prospectively adjust Frantti's salary to reflect the two Performance Advance salary increases unlawfully denied him;

    c.  Against Defendants State of New York, Susan Knapp, Mary Beth Labate, Karen Davis, Karen Orcutt and Christopher Amado, compensatory damages including, but not limited to, lost pay and benefits and pain and suffering;

E.    The costs and disbursements of this action and attorneys' fees as permitted by law; and

F.    Such other and further relief as this Court finds just and proper.

Dated:    July 5, 2016
          Round Lake, NY 12151

                                        Very truly yours,
                                        Miller, Mannix, Schachner & Hafner, LLC

                        By:             _____
                                        Thomas W. Peterson, of counsel
                                        Assigned Bar Roll No.: 102360
                                        Attorneys for Plaintiffs
                                        P.O. Box 578
                                        49 Burlington Ave., 2nd Floor
                                        Round Lake, NY 12151-0578
                                        Telephone: (518)899-1518
                                        Facsimile: (518)899-1561
                                        Email: tpeterson@mmshlaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TRAVIS JARRETT FRANTTI,

    Plaintiff,

 -vs.-

STATE OF NEW YORK, SUSAN KNAPP,
MARY BETH LABATE, KAREN DAVIS,
KAREN ORCUTT, CHRISTOPHER
AMADO and ROBERT MUJICA,

    Defendants.

---

**DEMAND FOR JURY TRIAL**

Civil Case No.:

Plaintiff, through his attorneys, Miller, Mannix, Schachner & Hafner, LLC, respectfully demands a jury trial.

Dated: July 5, 2016
   Round Lake, NY 12151

        Very truly yours,
        Miller, Mannix, Schachner & Hafner, LLC

By: _____

        Thomas W. Peterson, of counsel
        Assigned Bar Roll No.: 102360
        Attorneys for Plaintiffs
        P.O. Box 578
        49 Burlington Ave., 2nd Floor
        Round Lake, NY 12151-0578
        Telephone: (518)899-1518
        Facsimile: (518)899-1561
        Email: tpeterson@mmshlaw.com