# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

**TRAVIS JARRETT FRANTTI,**

**Plaintiff,**

**-vs.-**

**STATE OF NEW YORK, SUSAN KNAPP, MARY BETH LABATE, KAREN DAVIS, KAREN ORCUTT, CHRISTOPHER AMADO and ROBERT MUJICA,**

**Defendants.**

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**

**16-CV-810 (DNH/CFH)**

## PRELIMINARY STATEMENT

Plaintiff, Travis Jarrett Frantti ("Frantti"), through his undersigned attorneys, submits this *Memorandum of Law in Opposition to Motion to Dismiss* in response and opposition to the pending motion to dismiss.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Frantti became employed by the State of New York ("State") in June of 1996, working for the State Division of the Budget ("DOB") until July of 2012, when he contracted an intermittently debilitating gastro-intestinal illness, a condition which has slowly improved over time, but has never ended.  In August of 2012 Frantti, then a Grade 31 Principal Fiscal Policy Analyst, accepted a position located at a State Division of Criminal Justice Services ("DCJS") in what

he had been told was a temporary arrangement, likely concluding with his return to DOB in approximately one year.

As detailed in paragraphs 16 through 52, Frantti was punished and otherwise discriminated against due to his disability, in violation of 29 USC 794 et seq. (Rehabilitation Act §504), 42 USC § 12101 et seq. (Americans with Disabilities Act), § 1983 et seq. and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.  This punishment and retaliation included demotion, denial of otherwise routine raises, barriers to exercise of sick time, and refusal to return Frantti to DOB duties.

On July 2, 2015, Frantti filed the first of two Complaints with the NYS Division of Human Rights, which Complaint charged discrimination due to a disability and retaliation.  The Complaint was denied on February 22, 2016. On April 8, 2016, the Equal Employment Opportunity Commission ("EEOC") adopted the findings of the NYS Division of Human Rights and denied Frantti's claim.

On September 17, 2015, Frantti filed his second Complaint with the Division of Human Rights alleging retaliation. The Complaint was denied on March 16, 2016. The EEOC has not accepted or denied the Complaint as having made out a violation of the American's with Disabilities Act.

This action was commenced by the filing of a Summons and Complaint on July 5, 2016 seeking injunctive release and actual damages.

## **ARGUMENT**

The arguments made by the State Attorney General appearing on behalf of all defendants will be addressed in the order presented.

POINT I
REHABILITATION ACT
VIOLATIONS MAY NOT
BE MAINTAINED AGAINST
INDIVIDUAL DEFENDANTS

29 U.S.C. 794(a) provides in relevant part: "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." New York State has accepted such funds and knowingly waived sovereign immunity under that provision. *Marsh-Godreau vs. SUNY College at Potsdam,* 15-CV-0437 (NDNY 2016).

The Defendants argue that individuals may not be named as defendants in their individual or representative capacities. With respect to monetary damages against named individuals, "a defendant who is a state official is immune from suit when sued in his individual capacity. Moreover, a defendant who is sued in his official capacity is also immune from a suit for damages because, pursuant to the Eleventh Amendment of the United States Constitution, state officials are not liable for money damages when sued in their official capacities." *Harrington vs. Vadlamundi,* 13-CV-795, 2014 WL 4829483 (NDNY). Accordingly, Plaintiff does not oppose that portion of Defendant's motion which seeks to dismiss the relief

sought in his prayer for relief at ¶ A(3), that is, monetary damages against the individual defendants.

Plaintiff does oppose the Defendants' application to dismiss the claim against the individual defendants seeking injunctive relief. There is a split of authority on the issue of whether individuals may be named in an action under the Rehabilitation Act. In *Keitt vs. NYC*, 882 F.Supp.2d 412 (SDNY 2011), the Court wrote:

> Individuals in their personal capacities are not proper
> defendants on claims brought under … the Rehabilitation Act,
> although individuals can be sued in their official capacities
> under these statutes.

Id. at 456 (citations omitted). I respectfully draw the Court's attention to the fact that 2015 case of *Keitt vs N.Y. State Dept. of Corr. & Cmty Supervision*, 2015 WL 2383687 (WDNY 2015) relied upon by Defendants acknowledges that split. *Id.* at ¶ 4(b), and that all other cases relied upon Defendant's are prior to *Keitt I* (2011) and *Keitt II* (2015), and none are from the U.S. District Court for the Northern District of New York.

In *Holly vs. Cunningham,* Lexis 79893 (15-CV-284 SDNY), decided several days before the commencement of the within action, the U.S. District Court for the Southern District of New York acknowledged this split of authority, and held that a plaintiff may not recover *monetary damages* against individuals sued in their official capacities. However, the Court did not address the availability of injunctive relief

against such individuals. *Id.* at ¶ B(1)(b).  Lastly, Defendants conclude with citation

to *Lane vs. Maryhaven Center of Hope*, 944 F.Supp. 158 (EDNY 1996).  As *Lane*

involves liability for money damages, it does not apply to the relief sought in this

case, that is, injunctive relief.

In *Henrietta D. vs. Bloomberg,* 331 F.3d 261 (2nd Cir. 2003), the Court held:

B. Whether the State Defendant May Be Sued in Her Official

Capacity Under the ADA and Rehabilitation Act

The state defendant additionally argues that the Eleventh

Amendment bars the injunctive relief granted against her by the

District Court. The Eleventh Amendment, however, does not

preclude suits against state officers in their official capacity for

prospective injunctive relief to prevent a continuing violation of

federal law. See Ex parte Young, 209 U.S. 123, 155–56, 28

S.Ct. 441, 52 L.Ed. 714 (1908); see also Green v. Mansour, 474

U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). Obviously,

Commissioner Glass is not herself the State; she is a state

officer sued here in her official capacity. Accordingly, we

respectfully cannot accept her argument.

We also cannot embrace the state defendant's statutory

claim that an individual sued in his or her official capacity under

the doctrine of Ex parte Young is not a "public entity" subject to

liability under the ADA, 42 U.S.C. § 12132. The real party in

interest in an official-capacity suit is the government entity. See Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). As a result, it is irrelevant whether the ADA would impose individual liability on the officer sued; since the suit is in effect against the "public entity," it falls within the express authorization of the ADA. See Bruggeman ex rel. Bruggeman v. Blagojevich, 324 F.3d 906, 912–13 (7th Cir.2003); Carten v. Kent State Univ., 282 F.3d 391, 396–97 (6th Cir.2002) (stating that state officials "are public entities insofar as they represent the state when acting in their official capacity"); Grey v. Wilburn, 270 F.3d 607, 609 (8th Cir.2001); Roe No. 2 v. Ogden, 253 F.3d 1225, 1233 (10th Cir.2001); Randolph v. Rodgers, 253 F.3d 342, 348 (8th Cir.2001); Armstrong v. Wilson, 124 F.3d 1019, 1025–26 (9th Cir.1997), cert. denied, 524 U.S. 937, 118 S.Ct. 2340, 141 L.Ed.2d 711 (1998); cf. Koslow v. Pennsylvania, 302 F.3d 161, 178–79 (3d Cir.2002) ("[F]ederal ADA claims for prospective injunctive relief against state officials are authorized by the Ex parte Young doctrine."), cert. denied, 537 U.S. 1232, 123 S.Ct. 1353, 155 L.Ed.2d 196 (2003). The sole Court of Appeals decision cited to the contrary by the state defendant, Walker v. Snyder, 213 F.3d 344 (7th Cir.2000), cert.

denied, 531 U.S. 1190, 121 S.Ct. 1188, 149 L.Ed.2d 104

(2001), was abrogated by Bruggeman, 324 F.3d at 912.

*Id.* at 287-88.

Plaintiff respectfully urges this Court to allow Plaintiff's Rehabilitation Act

claims for injunctive relief against the individual defendants, and to deny so much

of Defendants' motion which seeks to dismiss such claims.

POINT II
PLAINTIFF SEEKS ONLY
INJUNCTIVE RELIEF
IN HIS SECOND CAUSE
OF ACTION

Plaintiff respectfully submits that Defendants have misapprehended the

relief sought in Plaintiff's second cause of action (Complaint at ¶¶ 59-64). As set

forth in those paragraphs, and again in his prayer for relief (Complaint at ¶ B(a) &

¶B(b)), Plaintiffs seeks injunctive relief against the individual defendants in their

official capacity, not monetary damages or other personal liability. *See Ex parte

Young*, 209 U.S. 123, 155–56 (1908); and *Henrietta D. vs. Bloomberg, supra*.

Indeed, this Court has summarized the law in this regard:

The Eleventh Amendment also bars claims for money

damages against state officials acting in their official capacities.

Kentucky v. Graham, 473 U.S. 159, 167–68, 105 S.Ct. 3099,

3106, 87 L.Ed.2d 114 (1985). However, suits against state

officials in their official capacities for prospective injunctive relief

to stop ongoing violations of federal law are permitted. Ex parte

Young, 209 U.S. 123, 159–60, 28 S.Ct. 441, 453–54, 52 L.Ed. 714 (1908). "In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645, 122 S.Ct. 1753, 1760, 152 L.Ed.2d 871 (2002) (internal quotations omitted).

Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. Gollomp, 568 F.3d at 365–66. It is well-settled that Congress did not abrogate states' immunity through § 1983. Quern v. Jordan, 440 U.S. 332, 343–45, 99 S.Ct. 1139, 1146–47, 59 L.Ed.2d 358 (1979); Dube v. State Univ. of N.Y., 900 F.2d 587, 594 (2d Cir.1990).

Accordingly, the State and OCA are entitled to Eleventh Amendment immunity, and all claims against them will be dismissed. All claims against Judge Tormey in his official capacity for money damages will also be dismissed as they are barred by the Eleventh Amendment. However, claims against

Judge Tormey in his official capacity for prospective injunctive

relief may proceed ….

*Zeigler vs. NYS,* 948 F.Supp.2d 271, 281-82 (NDNY 2013).

Likewise, Plaintiff only seeks prospective, injunctive relief from the

State.  This District Court has held that "[p]rivate individuals cannot claim

monetary damages against a state for violations of the ADA under Title I

of the ADA. Bd of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 374

… (2001).  However, a private plaintiff can seek injunctive relief …."

*Chiesa vs. NYS Dept. of Labor,* 638 F.Supp.2d 316, 321 (NDNY 2009).

For these reasons, the relief sought of dismissal of Plaintiff's claims

against them for injunctive relief should be denied.

POINT III
PLAINTIFF'S 42 USC §1983
CLAIMS ARE PROCEDURAL,
AND DO NOT CONSTITUTE
A SEPARATE CAUSE OF ACTION

42 USC §1983 reads in relevant part:

Every person who, under color of any statute, ordinance,

regulation, custom, or usage, of any State … subjects, or

causes to be subjected, any citizen of the United States … to

the deprivation of any rights, privileges, or immunities secured

by the Constitution and laws, shall be liable to the party injured

in an action at law, suit in equity, or other proper proceeding for

redress ….

The U.S. Supreme Court has held:

> § 1 of the Civil Rights Act of 1871 did not provide for any substantive rights—equal or otherwise. As introduced and enacted, it served only to ensure that an individual had a cause of action for violations of the Constitution, which in the Fourteenth Amendment embodied and extended to all individuals as against state action the substantive protections afforded by § 1 of the 1866 Act.34 No matter how broad the § 1 cause of action may be, the breadth of its coverage does not alter its procedural character.

*Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979).  Accordingly, Plaintiff does not object to the argument set forth in Defendants' POINT IV to the extent that it seeks to have the Third and Fourth causes of action read as a single cause of action, and to have Plaintiff's invocation of 42 USC §1983 viewed in its proper context as a procedural vehicle to vindicate the violations of federal constitutional and statutory protections set forth elsewhere in his *Complaint*.

POINT IV
PLAINTIFF ACKNOWLEDGES
THE CONSTRAINTS OF
THE STATUTE OF LIMITATIONS
IMPOSED BY THE ADA

Defendants set forth the status of limitations on recovery under the

Americans with Disabilities Act of discriminatory employment actions occurring

300 days prior to the filing of a charge of discrimination with the NYSDHR/EEOC.

Plaintiff does not contest that this is the appropriate limitations period, but does

assert that the discriminatory employment actions alleged in his *Complaint*

occurring prior to such time are germane to his allegations pursuant to the

Rehabilitation Act and Equal Protection Clause of the U.S. Constitution, which

are subject to a three year statute of limitations.  *See Doyle vs. United Airlines,

Inc.,* 914 F.Supp.2d 325, 334 (EDNY 2001) (Rehabilitation Act; citing *Morse v.

Univ. of Vermont*, 973 F.2d 122, 127 (2d Cir.1992)).

CONCLUSION

For the reasons stated herein, we respectfully request that the Court make

an order (1) permitting Plaintiff's claims under the Rehabilitation Act for injunctive

relief against the individual defendants; (2) seeking prospective, injunctive relief

for the Plaintiff against the State and the individual defendants on his claims

brought pursuant to the Americans with Disabilities Act; (3) acknowledging that

Plaintiff's claims pursuant to 42 USC §1983 are procedural in nature in support of

his allegations of violations by the State of the Rehabilitation Act, the Americans

with Disabilities Act and the Equal Protection Clause of U.S. Constitution, the

protections of which are extended to the individuals in claims against the States

through the Fourteen Amendment.

Dated:   October 11, 2016
         Round Lake, NY 12151

                                            Very truly yours,
                                            Miller, Mannix, Schachner & Hafner, LLC

                               By:          _____
                                            Thomas W. Peterson, of counsel
                                            Assigned Bar Roll No.: 102360
                                            Attorneys for Plaintiffs
                                            P.O. Box 578
                                            49 Burlington Ave., 2nd Floor
                                            Round Lake, NY 12151-0578
                                            Telephone: (518)899-1518
                                            Facsimile: (518)899-1561
                                            Email: tpeterson@mmshlaw.com

TO:   Eric T. Schneiderman, Esq.
      Attorney General of the State of New York
      Attorney for Defendants
      Keith J. Starlin, Esq., of counsel
      The Capitol
      Albany, NY 12224-0341
      (518)776-2622
      Email: keith.starlin@ag.ny.gov